UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re:                                              :
                                                    :    Bk. No. 08-12568
**HOPE MILL VILLAGE ASSOCIATES, LLC**               :    Chapter 11
          Debtor                                    :

### TRUSTEE'S OBJECTION TO PROOF OF CLAIM
### FILED BY PATRICK T. CONLEY AND GAIL C. CONLEY

Joseph M. DiOrio, in his capacity as the duly appointed Chapter 11 Trustee (the "Trustee") of Hope Mill Village Associates, LLC (the "Debtor"), OBJECTS pursuant to Federal Rule of Bankruptcy Procedure 3007 to the proof of claim in the amount of $371,539.16 (the "Claim") filed by Patrick T. and Gail C. Conley (the "Claimants") and identified as Claim No. 13-1 on the claims register. As grounds for this Objection, the Trustee states as follows:

1. On November 17, 2008, Claimants filed the Claim alleging a secured claim against the Debtor in the amount of $371,539.16, based on a $335,000 Promissory Note dated September 20, 2007 executed by Vincent R. Coccoli in favor of the Claimants as payee (the "Note") and a Mortgage Security Agreement and Assignment of Rentals also dated September 20, 2007 executed by *Debtor* in favor of Claimants to secure payment of the Note (the "Mortgage"). A copy of the Note and Mortgage are attached as Exhibits A and B, respectively.

2. According to Debtor's Amended Chapter 11 Disclosure Statement (the "Disclosure"), Sedona Associates, LLC ("Sedona"), a Rhode Island limited liability company in which Claimants are members, held a one-third membership interest in Debtor, along with Vincent R. Coccoli and John Robinson. (Doc. No. 40, Pg. 4).

3. The Disclosure further states that "Dr. Conley, as a partner in Sedona Associates, contributed $225,000in [sic] cash toward the initial purchase [of Debtor's real estate], and provided legal and historical services in obtaining the historical tax credits." (Doc. No. Pg. 5).

4.  The Disclosure alleges that, with the consent of Debtor's other members, Claimants "rescinded" their membership in Debtor, through Sedona, in exchange for converting their membership interest in Debtor to a loan. *Id*. Debtor's remaining members then secured the loan though a mortgage "to Sedona Associates, to wit, Patrick Conley and Gail Cahalan [sic]." *Id*.

5.  The terms of the promissory note and mortgage do not comport with the allegations in the Disclosure. By its terms, the Note was made and executed by Vincent R. Coccoli personally and individually as borrower. The Note refers to Mr. Coccoli individually as the borrower and is signed by Mr. Coccoli individually, not in his capacity as a member of Debtor. Debtor is not liable to Claimants under the Note.

6.  Although the Note is Mr. Coccoli's personal obligation, the Mortgage that purportedly secures the Note was granted by Debtor to Claimants and is signed by Mr. Coccoli as the managing member of Debtor.

7.  Debtor did not receive any consideration or benefit in exchange for incurring the Mortgage obligation. The Trustee asserts that the Mortgage is a fraudulent transfer.

8.  With respect to the Mortgage, a transfer is fraudulent under Rhode Island law if it is an obligation incurred by a debtor that was made "without receiving a reasonably equivalent value in exchange for the obligation" and the transaction left the debtor with "unreasonably small capital" or the debtor "intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due." R.I. Gen. Laws § 6-16-4(a)(2).

9.  Under the Bankruptcy Code, a creditor's claim shall not be allowed to the extent the claim is "unenforceable against the debtor and property of the debtor, under any agreement or

10. The Mortgage was incurred by Debtor without receiveing any reasonably equivalent value and while Debtor was insolvent, and it left Debtor with unreasonably small capital, and/or was made while Debtor intended to incur or believed that it had incurred debts that it would not be able to pay as they became due.

11. Debtor's grant of the Mortgage was fraudulent as to present and future creditors under R.I. Gen. Laws § 6-16-4(a)(2). The Mortgage should be avoided and set aside as a fraudulent transfer under applicable Rhode Island law.

12. Accordingly, the Claim should be DISALLOWED as the Debtor is not liable on the face of the the Note and Debtor's gratuitous grant of the Mortgage is subject to the Trustee's defense of avoidance under Rhode Island law.

13. Notwithstanding the above, if the Claim is allowed, it should be equitablly subordinated to all other claims under 11 U.S.C. § 510(c).

14. Under § 510(c), the Court may "subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest."

15.     Equitable subordination is an appropriate remedy if the following elements are established: (1) claimant must have engaged in some type of inequitable conduct; (2) the misconduct must have resulted in detriment to creditors or conferred unfair advantage on claimant; and (3) equitable subordination of the claim must not be inconsistent with the provisions of the Bankruptcy Code. *See Merrimac Paper Co., Inc. v. Harrison*, 420 F.3d 53, 59 (1st Cir. 2005) (quoting *In re Mobile Steel Co.*, 563 F.2d 692, 700 (5th Cir. 1977)).

16.     Under the principals of equitable subordination, "equity holders should not be able artifically to evade the debt-over-equity paradgim." *Merrimac Paper Co., Inc.*, 420 F.3d at 62-63.

17.     Here, the Claimants redeemed their ownership interest in Debtor in exchange for the Note, which is payable by a third-party. Debtor then secured the third-party's obligations under the Note by granting the Mortgage without receiving any consideration in exchange for the obligation. The result is that Claimants purportedly converted their equity into debt.

18.     Claimaints were able to redeem their equity interest in Debtor for a security interest in Debtor's only real property. This conduct was inequitable in that Claimants were able to redeem their equity interest in Debtor, which was insolvent, for a secured claim against Debtor's real property in a transaction for which Debtor received no value.

19.     This inequitable conduct resulted in a detriment to creditors and conferred an unfair advantage on Claimants in that (i) Claimants were able to convert their equity interest in Debtor into a purported secured claim; and (ii) Debtor did not receive any value in exchange for granting the Mortgage to Claimants. Under these circumstances, subordination of the Claim is appropriate under the provisions of the Bankruptcy Code.

20. If necessary and appropriate, the Trustee will file an adversary proceeding to pursue his rights and objections to the Claim

**WHEREFORE**, the Trustee OBJECTS to the Claim and requests that the Claim be disallowed in full. Alternatively, if the claim is allowed, the Trustee requests the Claim be deemed subordinate to the claims of all other creditors.

### NOTICE OF TIME TO RESPOND/OBJECT

Within ten (10) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Bankruptcy Court Clerk's Office at 380 Westminster Mall, Providence, Rhode Island 09203, (401) 626-3100. If no objection or other response is timely filed within the time allowed herein, the paper will be deemed unopposed and will be granted unless (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.

**IF A RESPONSE/OBJECTION IS FILED, YOU WILL
BE GIVEN 30 DAYS NOTICE OF THE HEARING DATE.**

Respectfully Submitted:

JOSEPH M. DiORIO, Chapter 11
Trustee, Hope Mill Village Associates, LLC.
By his Attorneys,

/s/ *James G. Atchison*
Jospeh M. DiOrio   (#2616)
James G Atchison   (#7682)
Law Office of Joseph M. DiOrio, Inc.
144 Westminster Street, Suite 302
Providence, RI   02903
401 632-0911
401 632-0751 (f)
jgatchison@dioriolaw.com

September 3, 2009

5

## **CERTIFICATE OF SERVICE**

       I hereby certify that on September 3, 2009, I electronically filed the foregoing Objection in the above-captioned matter with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF system. Participants using the CM/ECF system will receive notice electronically.

       I further certify that I have mailed by United States Postal Service, postage pre-paid, the document to the following non CM/ECF participants:

Rod Hoffman
Slagle Bernard & Gorman, P.C.
600 Plaza West Building
4600 Madison Avenue
Kansas City, MO 64112

Internal Revenue Service
Insolvency Unit – 4th Floor
380 Westminster Street
Providence, RI 02903

Sheldon Rodman
Rodman Real Estate, Inc.
72 Pine Street
Providence, RI 02903

Vincent R. Coccoli, Sr.
290 Larchwood Drive
Warwick, RI 02886

Robert Laferriere
c/o Biago L. Longo, Esq.
328 Cowesett Avenue, Ste 1
West Warwick, RI 02893

State of RI – Dept of Labor and Training
Legal Department
Bldg 72 3rd Floor
1511 Pontiac Avenue
Cranston, RI 02920

David J. Tracy, Esq.
Hinckley Allen & Snyder, LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903

Patrick T. and Gail C. Conley
1445 Wampanoag Trail, Suite 203
East Providence, RI 02915

                                                    U/s/ *James G. Atchison*